J-A28028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NATYALEES DEJESUS | |
| Appellant | No. 333 EDA 2015 |

Appeal from the Judgment of Sentence December 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006493-2012
MC-51-CR-0019523-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 12, 2016**

Appellant, Natyalees DeJesus, appeals from the judgment of sentence entered after the trial court convicted her of possession of heroin with intent to deliver ("PWID") and related offenses.  On appeal, DeJesus contends that the trial court erred in denying her pre-trial motion to suppress the heroin discovered in her vehicle.  After reviewing the record, we conclude that the evidence presented at the suppression hearing does not support the suppression court's conclusions of law.  We therefore reverse.

The essential facts of this case are largely uncontested for purposes of appeal.  On May 11, 2012, Philadelphia Police Officer Vincent Visco stopped a vehicle for traffic violations in a high crime area of Philadelphia.  The vehicle pulled over into a parking spot.  As Officer Visco approached the

vehicle, he observed that the male driver, later identified as Alverto Cintron, was breathing heavily and shaking. DeJesus was sitting next to Cintron in the front passenger seat.

While talking with Cintron, Officer Visco observed a bulge in Cintron's front pant pockets. Concerned for his safety and suspecting the bulge to be a weapon, Officer Visco performed a pat-down search of Cintron while Cintron remained seated in the vehicle. As he felt the bulge in Cintron's pants, Officer Visco immediately felt the presence of two jars, which from his training and experience he recognized as a type commonly used in the narcotics trade. These jars contained marijuana. In Cintron's other pocket, Officer Visco discovered approximately $1,700.

Officer Visco immediately removed Cintron from the vehicle and determined that Cintron was not licensed to operate a motor vehicle in Pennsylvania. Officer Visco proceeded to place Cintron under arrest and put him in him the rear of his police cruiser.[1] At the same time Officer Visco discovered that DeJesus was the registered owner of the vehicle. He then initiated a "live stop" procedure, whereby the Philadelphia Parking Authority would tow the vehicle from the scene.

Officer Visco had DeJesus alight from the vehicle, but did not perform a pat-down search of her. DeJesus informed him that she had allowed

---

[1] Cintron pled guilty to PWID and firearms charges in a separate proceeding.

Cintron to drive her vehicle because she was not feeling well. After initiating the live stop procedure, Officer Visco searched the interior of the vehicle and discovered two racks of heroin and an unlicensed firearm in the center console. He then placed DeJesus under arrest.

DeJesus was charged with various PWID and firearms charges. She filed an omnibus pre-trial motion seeking suppression of the heroin and firearm, which the suppression court denied after a hearing. After a non-jury trial, the trial court found her not guilty of the firearms charge, but convicted her of the PWID charges. The trial court sentenced DeJesus to three years of probation. DeJesus filed post-sentence motions, which were denied, and this timely appeal followed.

On appeal, DeJesus raises three issues for our review. However, we need only address her first issue, whether the heroin discovered in the center console should have been suppressed, as it is dispositive of this appeal.

We review the denial of a motion to suppress physical evidence as follows.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are

bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

**Commonwealth v. Houck**, 102 A.3d 443, 455 (Pa. Super. 2014) (internal citations and quotations omitted).

DeJesus argues that Officer Visco's search of the vehicle is illegal pursuant to **Commonwealth v. Lagenella**, 83 A.3d 94 (Pa. 2013). In **Lagenella**, the Supreme Court of Pennsylvania addressed the propriety of an inventory search where the vehicle was approximately 2 feet from the curb, and the driver was found to be operating the vehicle under a suspended license. **See id**., at 96-97. In reviewing the case, the Supreme Court stated that the issue before it was whether the arresting officer "had authority pursuant to [75 Pa.C.S.A.] Section 6309.2 to do anything other than immobilize Appellant's vehicle under the circumstances of the instant case." **Id**., at 101. In answering this question, the Court held that "[f]or purposes of towing, the requirements are: (i) the person operates a motor vehicle while the person's operating privilege is suspended … *and (ii) the vehicle poses public safety concerns warranting its towing and storage at an impound lot.*" **Id**. (emphasis in original). As the arresting officer in **Lagenella** had not testified that the Appellant's vehicle posed an issue of public safety, the Court concluded that towing was not warranted, and the inventory search was illegal. **See id**., at 101-102.

- 4 -

Here, as in **Lagenella**, there is no evidence of record indicating that the vehicle posed an issue of public safety. To the contrary, the only evidence of record is Officer Visco's agreement that the vehicle was "pull[ed] over to the side of the road in a parking spot[.]" **See** N.T., Suppression Hearing, 4/9/14, at 21-22. We therefore conclude that pursuant to **Lagenella**, Officer Visco did not have authority to tow the vehicle, and thus had no authority to perform an inventory search of the vehicle.

Seeking to avoid this result, the Commonwealth argues, without any supporting authority, that **Lagenella** is not controlling as it was decided after the stop in question. Unsurprisingly, the Commonwealth's argument is totally baseless, as the Supreme Court of Pennsylvania has clearly recognized that new rules of law are cognizable on appeal, so long as the issue has been properly preserved. **See**, **e.g.**, **Commonwealth v. Sneed**, 899 A.2d 1067, 1073 (Pa. 2006).

Perhaps recognizing this, the Commonwealth, and the suppression court, also contend that Officer Visco's search of the vehicle was justified as a search incident to Cintron's arrest. Officer Visco did testify that he believed that a firearm could be present due to his belief that "where there is a lot of money, narcotics recovered, there are also firearms." N.T.,

Suppression Hearing, 4/9/14, at 15.[2]  However, Officer Visco did not search the vehicle until he had already instituted the live stop procedure.  ***See id.***, at 29.  At that point, he had DeJesus exit the vehicle, but did not perform a pat-down search on her.  ***See id.***, at 26, 29.  In the vehicle stop form he filled out at the time, Officer Visco indicated only that he had performed an inventory search of the vehicle pursuant to the live stop.  ***See id.***, at 29.  In a subsequent statement to a detective, there is no indication that the vehicle was searched for safety reasons.  ***See id***.  It was only after DeJesus had alighted from the vehicle and the vehicle had been searched that DeJesus was subjected to a pat-down search.  ***See id.***, at 26.

While we are to give all reasonable inferences to the Commonwealth under our standard of review, we cannot conclude that it is reasonable to infer that Officer Visco performed a search incident to Cintron's arrest when (a)  Officer Visco never explicitly testified that he performed such a search, (b)  his official statements about the stop do not mention such a search, and (c)  the manner in which the search was performed did not comport with a contemporaneous fear for his safety.  We therefore conclude that the

_____

[2] DeJesus argues that this rationale is insufficient to support a search of the vehicle incident to Cintron's arrest once Cintron had already been sequestered in Officer Visco's squad car and DeJesus was out of the vehicle. ***See Commonwealth v. Grahame***, 7 A.3d 810 (Pa. 2010).  Given our conclusion that the evidence at the suppression hearing does not support a finding that Officer Visco performed a search incident to Cintron's arrest, we do not reach this issue.

suppression court erred in finding that Officer Visco had performed a search incident to Cintron's arrest. The only reasonable inference from the evidence presented at the suppression hearing is that Officer Visco performed an inventory search pursuant to the "live stop" program. As noted previously, this inventory search was illegal. As a result, we must reverse the judgment of sentence based upon the convictions for PWID of heroin.

Judgment of sentence reversed. Defendant discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016